# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CYNTHIA BARNARD,   )<br>)<br>Plaintiff,   )<br>)<br>v.   )<br>)<br>STEVEN BURGESS, in both his official )<br>capacity and his individual capacity )<br>)<br>and   )<br>)<br>JACKSON COUNTY MISSOURI   )<br>)<br>and   )<br>)<br>THOMAS S. PHILLIPS, in his individual )<br>capacity,   )<br>)<br>and   )<br>)<br>COLONEL BOBBY J. KREITLER, in both )<br>his official capacity and his individual )<br>capacity   )<br>)<br>and   )<br>)<br>SHERIFF MIKE SHARP, in his official )<br>capacity   )<br>)<br>Defendants.   ) | No. 11-00870-CV-W-FJG |

## ORDER

Currently pending before the Court is Defendant Jackson County, Missouri, Defendant Colonel Bobby J. Kreitler and Defendant Sheriff Mike Sharp's ("Defendants") Motion to Dismiss (Doc. No. 9).

On September 1, 2011, Plaintiff Barnard filed the present action seeking an injunction, compensatory damages, exemplary damages, and attorney's fees arising from an incident where Plaintiff claims an alleged breach of constitutional, legal, and other duties owed to

Plaintiff (Doc. No. 1). Plaintiff brings suit against Jackson County, Missouri, a governmental entity created by the laws of the State of Missouri and against Colonel Robert J. Kreitler in his individual capacity and official capacity as the Undersheriff in the Jackson County Sheriff's Office from January 6, 2001 through December 31, 2008. Plaintiff also brings suit against Sheriff Mike Sharp in his official capacity as the elected Sheriff in Jackson County, Missouri (Doc. No. 1).

Defendants have filed the present Motion to Dismiss Kreitler and Sharp in their official capacities (Doc. No. 9). Defendants submit that Plaintiff's claims against Kreitler and Sharp are redundant since Jackson County, Missouri is a named Defendant (Doc. No. 9). Plaintiff does not contest Movants' argument that the claims made against Defendants Kreitler and Sharp in their official capacities are redundant and consequently, appropriate for dismissal (Doc. No. 15).

As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. Kentucky v. Graham, 473 U.S. 159, 166 (1985). As such, the claims asserted against Defendant Kreitler and Defendant Sharp in their official capacities are redundant and subject to dismissal. Pursuant to Federal Rule of Civil Procedure 21, Defendants' Motion to Dismiss (Doc. No. 9) is hereby **GRANTED**. Defendant Sharp is dismissed from this action. Defendant Kreitler is to remain a Defendant in this action only in his individual capacity. The Clerk of the Court is directed to mail a copy of this order via regular and certified mail to the following: Steven Burgess 21428045 P.O. Box 9000 Safford, AZ 85548.

**IT IS SO ORDERED.**

| | |
|---|---|
| Date: <u>January 4, 2012</u><br>Kansas City, Missouri | **S/ FERNANDO J. GAITAN, JR.**<br>Fernando J. Gaitan, Jr.<br>Chief United States District Judge |