# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CYNTHIA BARNARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 11-00870-CV-W-FJG |
| | ) |
| STEVEN BURGESS, in both his official capacity and his individual capacity | ) |
| | ) |
| and | ) |
| | ) |
| JACKSON COUNTY MISSOURI | ) |
| | ) |
| and | ) |
| | ) |
| THOMAS S. PHILLIPS, in his individual capacity, | ) |
| | ) |
| and | ) |
| | ) |
| COLONEL BOBBY J. KREITLER, in both his official capacity and his individual capacity | ) |
| | ) |
| and | ) |
| | ) |
| SHERIFF MIKE SHARP, in his official capacity | ) |
| | ) |
| Defendants. | ) |

## ORDER

Currently pending before the Court is Defendant Steven Burgess' Motion to Dismiss Party (Doc. No. 21) and Motion to Dismiss (Doc. No. 46).[1]

On September 1, 2011, Plaintiff Barnard filed the present action seeking an injunction, compensatory damages, exemplary damages, and attorney's fees arising from an incident

---

[1] Defendant Burgess' Motion to Dismiss Party (Doc. No. 21) and Motion to Dismiss (Doc. No. 46) are virtually identical documents.

where Plaintiff claims an alleged breach of constitutional, legal, and other duties owed to Plaintiff (Doc. No. 1). Plaintiff brings suit against Jackson County, Missouri, a governmental entity created by the laws of the State of Missouri and against Defendant Burgess ("Defendant") in his individual capacity and official capacity as a commissioned law enforcement officer in the State of Missouri who was employed by Jackson County Sherriff's Department at all times relevant to the above-styled action (Doc. No. 1).

Defendant Burgess has filed the present Motion to Dismiss Party & Motion to Dismiss requesting that the Court dismiss the claims against him in both his official capacity and individual capacity (Doc. No. 21 & Doc. No. 46). First, Defendant submits that Plaintiff's claims against him in his official capacity are redundant since Jackson County, Missouri is a named Defendant (Doc. No. 21 & Doc. No. 46). Plaintiff does not contest that the claims made against Defendant Burgess in his official capacity are redundant and consequently, appropriate for dismissal (Doc. No. 50-1). Second, Defendant also submits that Plaintiff's claims against him in his individual capacity are without merit since Defendant has no assets and/or other means in which to honor any judgment found against him (Doc. No. 21 & Doc. No. 46). Plaintiff argues that a claimed or professed inability to pay is no defense (Doc. No. 22 & Doc. No. 50-1). As such, Plaintiff believes that the claims against Defendant Burgess in his individual capacity should not be dismissed (Doc. No. 22 & Doc. No. 50-1).[2]

As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. Kentucky v. Graham, 473 U.S. 159, 166 (1985). As such, the claims asserted against Defendant Burgess in his official capacity are redundant and subject to dismissal.

---

[2]It is important to note that Defendant Burgess cites no authority to support his arguments. The Eighth Circuit has held that in such situations, "It is not enough merely to mention possible arguments in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." Ingram v. Astrue, No. 4:09CV1358 TIA, 2011 WL 1226957 (E.D. Mo. 2011) quoting United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). As such, Defendant Burgess is cautioned to cite to authority in future motions to the Court.

Furthermore, the inability to satisfy a judgment is not a defense to judgment. <u>Hotel, Motel & restaurant Employees & Bartenders Union, Local 471, AFL-CIO v. P. & J.G. Enterprises, Inc.</u>, 731 F.Supp. 88, 92 (N.D.N.Y. 1990); <u>See</u> <u>Central States, Southeast and Southwest Areas Pension Fund v. Holmes</u>, No. 90 C 2066, 1990 WL 133498 (N.D.Ill. 1990); <u>See</u> <u>also</u> <u>Fed. Election Comm'n v. Comm. of 100 Democrats</u>, 844 F.Supp. 1, 7 fn. 8 (D.D.C. 1993). As such, the claims asserted against Defendant Burgess in his individual capacity are not subject to dismissal.

Pursuant to Federal Rule of Civil Procedure 21, Defendant's Motion to Dismiss Party (Doc. No. 21) & Motion to Dismiss (Doc. No. 46) are hereby **GRANTED** in part and **DENIED** in part. Defendant Burgess is dismissed from this action in his official capacity, but is to remain a Defendant in this action in his individual capacity.

The Clerk of the Court is directed to mail a copy of this order via regular and certified mail to the following: Steven Burgess 21428045 P.O. Box 9000 Safford, AZ 85548.

**IT IS SO ORDERED.**

| | |
|---|---|
| Date: <u>March 27, 2012</u><br>Kansas City, Missouri | **S/ FERNANDO J. GAITAN, JR.**<br>Fernando J. Gaitan, Jr.<br>Chief United States District Judge |