# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

CYNTHIA BARNARD,                         )
                                         )
                                         )
                    Plaintiff,           )
                                         )
v.                                       )   No. 11-00870-CV-W-FJG
                                         )
STEVEN BURGESS,                          )
                                         )
                                         )
                    Defendant.           )

# ORDER

Currently pending before the Court is Plaintiff's Motion for Summary Judgment (Doc. No. 64).

## I.      Background

On July 24, 2007, Defendant Burgess was on duty as a deputy in the Jackson County Sheriff's Department.  While acting under color of law, Defendant Burgess committed acts of sexual abuse using force against Plaintiff.  Burgess placed Plaintiff in fear of death, serious bodily injury, and kidnapping.  Defendant Burgess knew that Plaintiff was less than 17 years old during the aforementioned offense.  As such, Defendant Burgess committed a Class C Felony of Statutory Sodomy in the Second Degree and the Class C Felony of Deviate Sexual Assault under Missouri state law.  Defendant was sentenced to a 14-year term in the United States Bureau of Prisons.  He is currently serving that term.  (Doc. No. 64).

On September 1, 2011, Plaintiff brought the present action against Plaintiff Burgess for an award of actual and exemplary damages (Doc. No. 1).  Plaintiff brings the present Motion for Summary Judgment against Defendant Burgess on all liability issues to reduce this matter to judgment so that the Court can thereafter assess the appropriate amount of damages.  (Doc. No. 64).

## II. Standard of Review

"Under Rule 56(c), summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317,322 (1986). All justifiable inferences are to be drawn in the nonmoving party's favor. Eastman Kodak Co. v. Image Technical Serv. Inc., 504 U.S. 451 (1992). The moving party must carry the burden of establishing both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986).

## III. Discussion

On July 30, 2012, Defendant Burgess filed a response to Plaintiff's Motion for Summary Judgment (Doc. No. 68). Defendant's response specifically states, "[D]efendant, without counsel, ..informs this court that he does not contest the [P]laintiff's motion for summary judgment." (Doc. No. 68). Defendant further states that he "has no means to oppose Plaintiff's motion and only desires to resolve this action currently before this court.....[D]efendant prays this court will grant [P]laintiff's request for summary judgment and conclude these proceedings." (Doc. No. 68).

Accordingly, there exists no genuine issue as to any material fact in the above-styled action. This case is appropriate for summary judgment. Therefore, Plaintiff's Motion for Summary Judgment (Doc. No. 64) is hereby **GRANTED**.

## IV. Conclusion

Plaintiff requests the Court set a date for evidence to be presented on damages issues for the purpose of finalizing this case (Doc. No. 64). Prior to setting a hearing date, the Court **DIRECTS** Plaintiff to file briefing on these issues **on or before November 2, 2012.**

2

The Clerk of the Court is directed to mail a copy of this order via regular and certified mail to Steven Burgess 21428045 P.O. Box 9000 Safford, AZ 85548.

**IT IS SO ORDERED.**

Date: <u>October 15, 2012</u>  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge